## THE STATE v. HINSON ET AL.

1. It is not necessary to enter a formal discontinuance as to those on whom process is not served ; by taking judgment against the others, the cause is, in law and in fact, discontinued as to them.

2. Where the undertaking of sureties was for the appearance of their principal to answer the charge of the State against him, on his failing to appear, the recognizance was forfeited, and it was not necessary to call the sureties to produce their principal.

3. A judgment rendered on a forfeited recognizance must follow the condition ; if that is joint the judgment must be joint also.

4. A judgment cannot be rendered against the sureties to a recognizance for a larger sum than the penaly.

ERROR to the Circuit Court of Barbour.

Indictment for betting at *Faro*, against Allen V. Robinson. A capias having been executed on him, he entered into a recognizance in the sum of three hundred dollars, together with the plaintiff and others as his sureties, in the sum of three hundred dollars, to be levied separately, and conditioned for the appearance of Robinson at the next term of the Court.

Robinson having failed to appear, a judgment *nisi* was rendered on the recognizance "that the State of Alabama recover of the said Allen V. Robinson, and the said John W. Hinson, William C. Gilder, S. G. Devereaux, Thomas S. Woodward and William F. Baldwin, his said securities, said sum of three hundred dollars, unless they and each of them make their appearance," &c.

A *scire facias* issued and was returned executed on all except Robinson, the principal, and one of 'the sureties, and thereupon the Court rendered final judgment against those on whom service was effected, "for the said sum of three hundred dollars, with interest thereon from the 29th March, 1842," &c.

The defendants prosecute this writ and assign for error—

1. That as the scire facias was not served on all the defendants, judgment should not have been rendered against those on whom it was executed, but that an *alias sci. fa.* should have issued.

2. The final judgment does not show a discontinuance against the defendants not served with process.

3. That the judgment *nisi* does not show that the bail were called and required to surrender their principal, or that Robinson, the principal, was required to appear and answer to the offence.

4. That there is error in the final judgment in this, that in the recognizance the principal and bail are both bound separately, while the judgment is against the defendants collectively.

5. The judgment is for a greater sum than the amount of the recognizance.

BELSER, for plaintiff in error, cited 1 Ala. Rep. 113; 6 Hal-

stead, 124; 3 Stewart and Porter, 426; 5 Yerger, 133; 15 Peters, 209; 3 Cowen, 155; 8 id. 424; 6 id. 583.

The ATTORNEY GENERAL, contra.

ORMOND, J.—The two first assignments of error question the regularity of the judgment because an alias *sci. fa.* was not issued against those defendants not served with process, and without formal discontinuance against them in the judgment. This proceeding is a civil action, and to be governed by the same rules, and there was therefore an undoubted right on the part of the State to discontinue as to those on whom the writ was not served, and proceed to judgment against the others. [Aik. Dig. 267, §56.] We are of opinion that it is not necessary to enter a formal discontinuance of the action as to those on whom service of the process has not been effected. By taking judgment against the others, the cause is in fact and in law, discontinued as to them, and it could subserve no purpose whatever formally to enter the fact on the minutes of the Court. [See Oliver v. Hutto, at the present term.]

We think it sufficiently appears in the judgment *nisi* that the recognizance was forfeited—it is stated that the defendant being solemnly called to appear and answer the charge against him, came not, but made default—it was not necessary to call the sureties to produce their principal; their undertaking was for his appearance to answer the charge against him, and on his failing to appear the recognizance was forfeited.

The case of Howie v. Morrison, [1 Ala. Rep. 120,] shows that where a judgment is rendered on a forfeited recognizance it must follow the condition. The condition of this recognizance is, that the principal is bound in the sum of three hundred dollars, and the sureties jointly in the same sum, to be levied separately of their respective goods and chattels. The judgment is joint against the sureties, and therefore follows the condition of the recognizance, it would have been a departure from the condition, to have joined the principal in the same judgment.

In rendering judgment for a larger sum than the penalty of the bond, the Court erred. There is a considerable conflict of

authority on this point, and there may possibly exist cases in which the principal may be bound beyond the penalty of his bond, but if such be the law in regard to the principal, it cannot apply to a surety, as is explicitly admitted in the cases in which the principal was held to be thus bound. The judgment in this case, going beyond the penalty, must be reversed and here rendered for the penalty.