# HADEN, ET AL. V. WALKER.

1. Where the defendant in execution, after the same has been levied on personal property of sufficient value to satisfy it, assents to the assignment of the judgment to a third person, it may be inferred that all further proceedings under the levy were suspended, and that the property was returned to the defendants possession, if it had been removed; in fact it may be questioned whether the defendants assent would not estop him from insisting upon the discharge of the judgment by any thing done by the sheriff previous to its assignment, and impose on him the necessity of re-possessing himself of the property levied on.

2. When a judgment has been assigned, the assignee may sue an execution thereon in the name of the plaintiff, and independently of his control.

3. Where the sheriff returns an execution thus, " the defendants in this case have settled with plaintiff's attorney, as per order of same—costs and commissions paid to sheriff," a subsequent execution cannot issue without the authority of the court.

4. *Quere:*—Is it competent for the sheriff to indorse a return upon an execution in any other form than the statute prescribes?

WRIT of Error to the Circuit Court of Macon.

From the record in this cause it appears that the defendant in error, was plaintiff in a judgment recovered in the Circuit Court against the plaintiffs in error, and that the former moved that court, to allow the sheriff to amend a return made on a *fieri facias*, issued thereupon the 24th of February, 1841. The amendment proposed, was to strike out a return in these words, viz: "The defendants in this case have settled with plaintiff's attorney, as per order of same—costs and commissions paid to sheriff—W. Fitzpatrick, sheriff ;" and substitute the following : "Indulged by John H. Joice, who represents himself to be assignee of plaintiff." Which motion was granted, and the return thus modified.

The defendant also moved to quash all writs of *fi. fa.* and *venditioni exponas* issued in this case, since the spring term of the court holden in 1841, which motion was overruled.

The execution which issued returnable to the spring term of 1841, was levied on ten or twelve slaves, and without selling them, it was returned as above stated. It further appears that the plaintiff in the judgment assigned the same in writing to John H.

Haden, et al. v. Walker.

Joice, on the 26th of April, 1841, and the defendants assented in writing to the assignment, agreeing that all the rights and remedies of the plaintiff in respect thereto, should vest in the assignee.

Other facts are set out in the transcript, but those stated are quite sufficient to the understanding of the case.

MAYS, for the plaintiff in error, made the following points.

1. The levy of the execution on slaves, of value sufficient to pay it, is in law a satisfaction; unless it appeared that they were returned to defendant's possession. It must be intended that the sheriff wrested them from the defendant, and it cannot be presumed that they were re-delivered in the absence of a delivery bond. [4 Mass. Rep. 402; 3 Yerg. Rep. 297; 12 S. & Rawle's Rep. 41; 4 Cow. Rep. 417; 12 Johns. Rep. 207; 7 Id. 428; 2 Bailey's Rep. 102; 1 Salk. Rep. 323; 6 Wend. Rep. 562; 2 Bacon's Ab. 719; Watson's Sheriff, 138, 192; 9 Porter's Rep. 201; 1 Ala. Rep. 359.] And even if they were returued to the defendant by plaintiffs orders, still the execution is satisfied. [12 S. & Rawle's Rep. 41. See also Bingham on Executions, 269.]

2. The assignment of the judgment to Joice was made by the plaintiff's attorney in his absence, but at a time when the defendant was present; and the money avanced by the former must be regarded as a loan to the latter, so as to make the entire transaction operate a satisfaction of the execution. [See 6 Porter's Rep. 432; 3 Ala. Rep. N. S. 132.]

3. The sheriff's return, until amended by leave of the court, was operative, and the clerk in the *interim*, had no right to issue another execution. [Tidd's Prac. 934; 1 Porter's Rep. 30; 1 Ohio Rep. 214; 1 Root's Rep. 453; 4 Day's Rep. 222; Hardin's Rep. 122; 1 Johns. Rep. 529; 8 Id. 260; 1 Starkie's Rep. 318; 10 Pick. Rep. 47, 169; 6 Cow. Rep. 465; 1 Bibb Rep. 608; 3 Id. 343.]

4. The return of the sheriff, though it does not strictly conform to law, is nevertheless good under our practice; and is equivalent to a return of satisfied, by payment of the money. [See Bingham's Ex'ns, 269.] The motions were simultaneously determined, and the question is, did the court err in its decision?

DARGAN, for defendant.

COLLIER, C. J.—1. It has been so often adjudged, as to have

become a settled principle, if the sheriff take goods in execution under a *fieri facias*, of sufficient value to satisfy the same, the debtor is discharged from all liability to satisfy the judgment; and this whether the goods be sold or not; but the sheriff becomes responsible to the creditor in virtue of the seizure. The reason, so far as the debtor is concerned, is, that he has been deprived of his property. Webb v. Bumpass, [9 Porter's Rep. 201,] declares this to be the law, and states further, where the goods levied on, are removed by the defendant, or by his permission or connivance, so that they cannot be sold under the execution, or under a *venditioni exponas,* such a result will not follow.

In the case before us, the inference, in the absence of any direct evidence to the point, would be, that the slaves levied on, if removed from the possession of the defendant in execution, were returned to him. This seems to us to be but a reasonable conclusion from the proof, that the judgment was assigned to Joice, with the defendant's assent, and that no further proceedings were had on the execution. If a sale was coerced, or the slaves retained, he of course would not have consented to the assignment; in fact, the retention by the sheriff, would have amounted to a satisfaction of the judgment, and there would have been nothing to assign. Besides; it may well be questioned, whether the assent of the defendants to the purchase of the judgment by Joice does not estop them, from insisting upon its discharge by any thing previously done by the sheriff, and impose on them the task, if desired, of re-possessing themselves of the slaves taken under the execution. The principle we have stated, will not apply so as to discharge the judgment against the debtor to a greater extent where the goods are restored to him by his own consent, than where they are obtained by a wrongful act; and the case of Hunt v. Breading, [12 Serg. & R. 37,] which has been cited for the plaintiffs in error, does not maintain a contrary doctrine.

2. That judgments may be assigned, so as to transfer to the assignee an equitable interest, and authorise him to sue an execution thereon in the plaintiff's name for his benefit, has not, nor indeed can be, successfully questioned. The facts stated in the record, very satisfactorily show, that the judgment was regularly assigned; in fact, that unusual care was taken to perfect the arrangement; for it seems to have had the assent of both parties, and to have been intended to substitute Joice to all the rights and

remedies of the plaintiff. Whether the object of the assignee was really to aid the defendants, we have no means of judging, nor do we think it very important; for so far as the record imparts information, he has obtained a security for his money, which the law will protect. It is needless to consider the powers of an attorney at law, since the transaction we are examining received the sanction of the client.

3 and 4. In Harkins v. Clemens, [1 Porter's Rep. 30,] it appears that the sheriff returned a *fieri facias* "satisfied," and the clerk issued an *alias;* and the question was, whether the clerk had authority to issue the second until the return upon the first *fi. fa.* was modified by leave of Court—*It was held,* that if there was a mistake in the return, and the greater part of the judgment was unpaid, still, the clerk could not regularly issue another execution when full satisfaction had been returned on the first; and that the action of the Court was necessary to authorize it. Several of the cases cited for the plaintiffs in error, show such to be the law, but it is unnecessary to notice them particularly, as the decision of our own court is directly in point.

The return made by the sheriff, on the execution issued returnable to the spring term of 1841, does not literally pursue either of the forms furnished by the act of 1807, yet it states, in effect, either that the defendants had paid or adjusted the execution to the satisfaction of the plaintiff, or his attorney, or both of them; and that the costs and commissions had been paid to the sheriff. The fair inference from all this is, that the execution had been satisfied not only as to costs and commissions, but also as to the damages directed to be made. How the damages had been settled, whether by a cash payment, or in some other way, does not appear; be this as it may, the return is sufficiently potent to have arrested all subsequent executions until the Court had authorised them to issue.

In respect to *mesne* process it has been held, that the sheriff is not confined to the statute form in making his return, but his indorsement upon a writ, that the defendant had acknowledged service, was sufficient to bring the party into Court, though the statute requires that a copy of the process shall be left with the defendant. [Rowan v. Wallace, Judge, &c. 7 Porter's Rep. 171.] No reason occurs to us for the application of a rule less latitudinous in the execution of *final* process; the more especially as in

12

both cases the sheriff is subjected to severe inflictions, either for a false return, or the arrogation of power.

It results from the view taken, that it was competent for the Circuit Court to have permitted the sheriff to amend his return according to the truth of the case, but the executions issuing subsequent to the spring term of 1841, were *voidable at least,* and should have been quashed. The consequence is, that the judgment upon the motion to quash, is reversed, and the cause remanded.