## OTEY, Adm'r, vs. MOORE.

1. Where the levy of an execution is discharged in consequence of the refusal of the plaintiff to give a required bond of indemnity, its lien is suspended, and must yield to the title of a *bona fide* purchaser from the defendant, acquired before a bond of indemnity is executed or the execution relevied.

Error to the Circuit Court of Tuscaloosa. Tried before the Hon. John D. Phelan.

TRIAL of the right of property in a slave, levied on under an execution in favor of the plaintiff against James G. Carroll, and claimed by the defendant in error.

S. D. J. MOORE, for the plaintiff.

PECK, for the defendant.

DARGAN, C. J.—An execution issued in favor of the plaintiff against James G. Carroll, and was placed in the hands of the sheriff of Tuscaloosa county, who levied it on the slave in controversy, which was then in the possession of Carroll. After the levy was made, the sheriff entertaining doubts whether the slave was liable to be sold under the execution, demanded of the plaintiff a bond of indemnity to protect him against the

consequences of a sale. The bond not being given, the sheriff discharged the levy and returned the slave to the posseesion of Carroll, and returned the execution to the court from which it issued. Another execution was afterwards issued and placed in the hands of the sheriff and a bond of indemnity was then executed. This latter execution was issued and put in the sheriff's hands in a short time after the term of the court to which the former was returned, but in the mean time between the return of the former execution and the receipt of the latter by the sheriff, Carroll sold the slave to Moore, the present claimant, for a valuable consideration and without notice, and the question is whether the title of Moore or the lien of the execution is to be prefered?

The lien created on the goods of the defendant by the delivery of an execution to the sheriff does not give the plaintiff a title to the property bound by the lien, but simply a right to subject the property to the satisfaction of his debt. When this right to have the property sold is taken away or suspended, one who purchases the goods *bona fide*, during the suspension or destruction of the lien, obtains a title that must be prefered to the lien of the execution, although it be afterwards revived. This is the conclusion we attained in the case of The Branch Bank v. Ford, 13 Ala. 431. In that case an execution had been received by the sheriff, and was returned satisfied by mistake of the plaintiff's attorney. Another one was subsequently issued, but in the interim between the return of the former and the issuance of the latter, the defendant sold a slave to Ford. The court held that the title of Ford was superior to the lien of the execution. So, too, it is well established by the decisions of this court, that the lien of a judgment on the lands of the defendant results from the right to issue an execution on the judgment, and any thing that takes away this right is a destruction of the lien.—Burks, adm. v. Jones & Allen, 13 Ala. 167. It is then only necessary to ascertain whether the right of the plaintiff to subject the slave to the satisfaction of his execution was suspended at the time the defendant purchased. When a sheriff has levied an execution on personal property, and doubts shall afterwards arise whether the right of the property is in the debtor, the sheriff may apply to the plaintiff for a bond and security to indemnify him against the sale of the property, which

19

if the plaintiff fails to give for ten days after such application, the sheriff may restore the property to the possession of him from whom it was taken and discharge the levy.—Clay's Dig. 210; Pickard v. Peters, 3 Ala. 493. After the property is returned and the levy is discharged, the plaintiff cannot compel the sheriff to levy again unless he executes the bond of indemnity which has been required of him. He has not therefore the right to subject the property to the satisfaction of his execution until the bond is given, for it would be absurd to say that a plaintiff had the right to subject property to the satisfaction of his execution, but not the right to coerce the sheriff to make the levy. The right or lien of the plaintiff is therefore suspended from the time the property is restored to the possession of him from whom it was taken, and can only be revived by the subsequent giving of the bond or a subsequent levy without it, which the sheriff may, but is not compelled to make. The defendant purchased the slave when the lien of the plaintiff was suspended or destroyed from his own neglect to give the bond required. We therefore hold that the title of the defendant, he being a *bona fide* purchaser, is superior to the lien of the plaintiff's execution. The charge of the court conforms to the view we have taken, and consequently the judgment must be affirmed.