## KIRKLEY vs. SEGAR ET AL.

1. Where several persons join as plaintiffs in an action of assumpsit, and the plea is *non assumpsit*, evidence tending to show that the plaintiffs have a right to sue jointly, should not be excluded from the jury.
2. When assumpsit is brought in the Circuit Court for a sum *exceeding fifty dollars*, it is not error to allow testimony to go to the jury proving an indebtedness of *less than fifty dollars*; nor is it erroneous for the court to charge the jury, that if they believe such proof, they can find for the plaintiff.
3. In such a case, if the jury return a verdict for a less sum than fifty dollars, the plaintiff, on making the affidavit required by the statute, (Clay's Digest, 325, § 75,) will be entitled to judgment for the amount of the verdict with costs.

ERROR to the Circuit Court of Russell.

Trid before the Hon. John J. Woodward.

J. J. Segar and two others brought an action of assumpsit in the Circuit Court of Russell, against the plaintiff in error to recover sixty dollars, the price of a gin. The declaration contains a count on a special agreement between the parties

for the sale of the gin, in which it is averred that the defendant agreed to purchase the gin at sixty dollars, or to re-deliver it to the plaintiffs in a reasonable time, and that he has never re-delivered it, or paid for it, though often requested so to do. It also contains counts for goods, wares and merchandize sold and delivered; for work and labor done; for money lent; for money paid, laid out and expended; for money received to plaintiff's use, and on an account stated.

No pleas appear in the record, but the judgment entry recites that a jury was sworn to try the issue joined.

On the trial, as appears by the bill of exceptions, the plaintiffs below proved that the defendant acknowledged that he, with the plaintiffs, had levied an attachment on the property of an absconding debtor; that they had resolved to make it pay their several debts; that the defendant was to take the gin at an agreed price; and under this arrangement, if the plaintiffs recovered of him, he would only have twenty-four dollars to pay for the gin. This was all the proof of the joint interest of the plaintiffs; and the defendant moved the court to exclude it from the jury, which was refused, and the refusal excepted to. The court was requested to charge the jury, that if the facts were as proved by the witness, yet it furnished no evidence that the plaintiffs were jointly interested. This also was refused, and excepted to by defendant. There was proof offered also showing the contract in relation to the gin to have been this: that the defendant was to take the gin and try it, and if he liked it to keep it, otherwise to return it; and if he kept it he was to pay for it twenty-four dollars in cash, and thirty-six dollars in a proved account on a certain man named. The court charged the jury, that the proof was admissible under the declaration, and that if they believed it they could find for the plaintiffs, provided they believed from the testimony, that the defendant had not returned or tendered back the gin in a reasonable time. This charge was also excepted to by the defendant.

The jury rendered a verdict for the plaintiffs for twenty-six $\frac{40}{100}$ dollars, and on the plaintiffs making oath that they were entitled and ought to have recovered sixty dollars, the court rendered judgment for the amount of the verdict, and costs against the defendant.

The matters in the bill of exceptions, and the rendition of judgment on the verdict, are here assigned for error.

HOOPER, for plaintiff in error.
BELSER & HARRIS, *contra.*

LIGON, J.—It was clearly proper to let the testimony first objected to by the plaintiff in error, go to the jury, for the purpose of establishing the joint interest of the defendants in error; for we must suppose that the plea of *non assumpsit* was interposed, and formed the issue submitted to them. Under this plea, any testimony which tended to prove the joint interest of the plaintiffs, in the court below, in the cause of action, and consequently their right to sue jointly, was proper evidence to go to the jury to be weighed by them. The facts deposed to by the witness had this tendency, and his testimony was rightly admitted.

The charge asked for by the plaintiff in error, in connection with this proof, was correctly refused, for had it been given, the court would have invaded the province of the jury, by assuming to judge of the weight of the testimony offered.

We see no error, detrimental to the plaintiff in error, in the last charge given by the court. No objection had been made to the admission of the evidence, on which the first part of it is founded, and as it tended to prove an indebtedness on the part of the defendant, it was, therefore, no error for the court to tell the jury that, if they believed the evidence, they *could* find for the plaintiff. The latter part of the charge is abstract, but if any effect could be given to it, it would be favorable to the plaintiff in error, and he cannot be heard to complain of it.

The jury rendered a verdict in favor of the plaintiffs below, for a sum less than fifty dollars, and judgment was given for this sum, with costs. This is here assigned for error. On inspecting the record, we perceive the judgment entry shows that the affidavit required by the statute to entitle the plaintiff to his judgment, when the sum found by the jury will not support the jurisdiction of the court, has been made in this case.

There is no error in the record, and the judgment must be affirmed.