## BRANCH BANK AT DECATUR vs. McCOLLUM.
## DeGRAFFENREID vs. THE SAME.

1. Pending a trial of the right of property in slaves levied on under *fi. fa.*, whether such trial be by action of detinue, or by claim suit under the act of 1812, the lien of the plaintiff in execution continues, and its operation only is suspended.

.2. The return of a sheriff on a writ of *fi fa.*, that "the property levied on was claimed by another, and not sold for want of indemnity," does not authorize the conclusion that he has parted with the possession of it; and unless he returns the property to the defendant in execution, or delivers it to the party claiming it, the lien of the execution continues.

3. Where a sheriff, having sold property under sundry executions, applies to the court out of which they issued, for directions how to appropriate the money, and several of the plaintiffs in execution except to the ruling of the court on such application, but one writ of error is allowable, to which all must be made parties.

ERROR to the Circuit Court of Franklin.
Tried before the Hon. S. C. Posey.

The sheriff of Franklin county made application to the Circuit Court to direct him how to apply certain moneys in his hands, arising from the sale of three slaves, which had been levied on and sold under sundry executions against James C. Kennerly. The several judgments on which these executions issued, may be thus described:

DeGraffenreid *et al.* commenced suit by attachment against said James C. Kennerly, on the 29th March, 1843, and on the same day caused their attachment to be levied on the three slaves, Robert, Joe, and William. By the sheriff's return on the attachment, the slaves were taken out of·his possession by the coroner of the county, by virtue of a writ in his hands in an action of detinue instituted by James Kennerly and others, as trustees of Mrs. Kennerly. DeGraffenreid *et al.* obtained judgment in their attachment suit, at the March term, 1844, and immediately sued out a writ of *fi. fa.* on their judgment, which not being satisfied, they sued out other writs regularly after each term, until 1848, when the slaves were sold by the sheriff, the action of detinue having been decided against the claimants. Before the issuance of DeGraffenreid's attachment, the Branch Bank at Decatur had

caused a writ of *fi. fa.*, issued on a judgment in its favor against Kennerly, Bowen & Mays, to be placed in the hands of the sheriff of Franklin, who levied it on the three slaves above named, with others, and afterwards made the following return on it: "The property was claimed by the attorney of Mrs. Kennerly, the wife of J. C. Kennerly, and was not sold for want of indemnity." Another *fi. fa.* on the same judgment was immediately issued, and levied on the same negroes, on which the sheriff returned 1hat the negroes had been taken out of his possession by the coroner, as above stated. Other writs of *fi. fa.* were irregularly issued on the same judgment until the sale.

Various other writs of *fi. fa.* in favor of the Branch Bank at Decatur, and other plaintiffs, against said Kennerly, came to the hands of the sheriff of Franklin, before the attachment of DeGraffenreid, and were levied on these slaves. But during the pendency of the action of detinue against the sheriff, none of the plaintiffs issued executions on their judgments regularly. The action of detinue was pending from May, 1843, to 1848.

In 1848, after the termination of the suit against the sheriff, writs of *fi. fa.* on all the judgments being in his hands, the sheriff sold the slaves, and the proceeds of sale being insufficient to satisfy all the executions, he applied to the court for instructions how to appropriate it. The court gave precedence to the execution of the Branch Bank at Decatur, first above described, which came to the hands of the sheriff on the 20th October, 1842. It then directed that the balance of the money should be applied *pro rata*, to the satisfaction of the several other *fi. fas.* which came to the hands of the sheriff before DeGraffenreid's attachment, viz: No. 1115 or 2500, Branch Bank at Decatur v. Kennerly, Bowen & Messenger, came to hand 25th January, 1843; No. 2636, William H. Crittenden v. James C. Kennerly, received 20th March, 1843; No. 2300, Planters' Bank of Tennessee v. J. C. Kennerly, received 28th March, 1843; No. 2250, Gorman v. Kennerly, received 28th March, 1843; Barton & Co. v. Kennerly, received 28th March, 1843.

DeGraffenreids excepted to the ruling of the court in allowing the other executions above named precedence over theirs,

18

and now assign it for error. The Branch Bank at Decatur, also, excepted to the ruling of the court in relation to the case "No. 1115 or 2500 "

Each party sued out a writ of error, but by consent of parties the writ of error in the case of DeGraffenreid v. McCollum was dismissed, and the record made a part of the case of the Branch Bank at Decatur v. McCollum *et al.*

ORMOND & NICOLSON, for DeGraffenreid, contended:

1. That the Branch Bank at Decatur had lost its lien, by the execution being returned for want of indemnity. Otey v. Moore, 17 Ala. 280.

2. That all the antagonist executions had lost their liens, by not having been regularly kept up from 1844 to 1848, during the pendency of the action of detinue.

JNO. A. NOOE, for the Branch Bank at Decatur, contended:

1. That the execution in favor of the Bank, to which the court gave priority, was entitled to precedence over all the others. It was not necessary to issue executions regularly during the pendency of the action of detinue. 2 Stew. & P. 390; Clay's Digest 317, §32.

2. That the failure to indemnify the sheriff, as shown by his return, did not postpone the lien of the execution. Clay's Digest, 209, §44; 3 Ala. 493; 10 Smedes & M. 184.

3. That the other execution in favor of the Bank, No. 1115 or 2500, was entitled to priority over all the other executions with which it was placed on an equality, because it first came to the hands of the sheriff.

LIGON, J.—It is contended, on the part of B. & F. DeGraffenreid, that they are entitled to the satisfaction of their judgment before the other execution creditors of Kennerly, because, pending the action of detinue for the trial of the right to the slaves levied on by the sheriff, they caused writs of *fi. fa.* to be regularly issued on their judgment, and the other creditors did not. We cannot give our assent to this proposition; on the contrary, our opinion is, that so far as the slaves sought to be recovered in the action of detinue are concerned, a regular re-issue of writs of *fi. fa.* was not necessary, to continue the lien of those creditors whose executions had been

already levied upon them. Pending that suit, the liens continued as they were at its commencement, and their operation only was suspended.

To this effect is the case of Mills v. Williams *et al.* 2 Stew. & P. 390. In that case, the proceeding by which the operation of the lien of Williams was suspended, was a claim suit under the act of 1812. In this, the suspension resulted from an action of detinue, in which the plaintiffs obtained possession of the slaves by executing the bond required by the statute. There is no difference, however, between the two methods of proceedings, so far as they affect the lien of the execution creditors.

It is also insisted, that B. & F. DeGraffenreid should have been preferred to the Branch Bank at Decatur, so far as the money arising from the sale of the slaves, Bob and William, is concerned. They predicate this claim upon the following facts: These slaves were levied upon by the sheriff, under a *fi. fa.*, in favor of the Branch Bank at Decatur against James C. Kennerly, several days before the attachment in favor of DeGraffenreid was issued, or levied. On the *fi. fa.* thus levied, the sheriff made a return in these words: "The property was claimed by the attorney of Mrs. Kennerly, and not sold for want of indemnity." The fair and, indeed, the only legitimate interpretation of this return is, that the sheriff still retained the possession of the slaves, on which he had made the levy, but demanded indemnity before he would sell, which had not been given at the date of his return. This view of the return brings this branch of the case directly under the rule laid down by this court, in the case of Pickard *et al.* v. Peters, 3 Ala. 493, in which it is said, "when the sheriff demands a bond of indemnity from the plaintiff, which is not given, he may deliver the property levied on to the person from whose possession it was taken, *but if he does not do so, but retains it, the lien continues.*"

This case is clearly distinguishable from that of Otey v. Moore, 17 Ala. 280, in which it was held, that the lien of an execution creditor should be postponed, in favor of the rights of a purchaser for valuable consideration. In that case, the sheriff required indemnity, which was not given, and he *redelivered* the slave to the defendant in execution, returned the

writ of *fi. fa.* into the court out of which it issued, and before an *alias* was sued out Moore became the purchaser of the slave. In this case, from all that appears in the record, the sheriff did not part with the possession of the slaves after the levy, until they were taken from him by the coroner, by authority of the writ in detinue. Thus far, we can see no error in the judgment of the Circuit Court.

But the court below, after directing one of the executions in favor of the Branch Bank at Decatur to be fully paid, proceeds to direct that the remainder of the money in the hands of the sheriff be paid *pro rata*, to the *fi. fa.* numbered 1115 or 2500, in favor of the Branch Bank at Decatur, and the *fi. fas.* in favor of the Planter's Bank of Tennessee, William H. Crittenden, Barton & Bro. and M. Gorman. In this the court below erred; for the execution of the Branch Bank at Decatur, thus placed on an equality with the others, appears to have come to the hands of the sheriff nearly a month before that of Crittenden, and more than two months before the others with which it was classed, and there is nothing in the record to show that the priority of lien thus obtained was ever lost or impaired.

By the consent of the parties, the writ of error in the case of B. & F. DeGraffenreid against McCollum *et al.* is dismissed, and the record brought up under it is made a part of the case of the Branch Bank at Decatur against McCollum *et al.* in this court. In cases like the present, but one writ of error is allowable, in which all the parties below must be made parties to the record here.

For the error pointed out above, the judgment of the court below must be reversed, and the cause remanded.