RICHARDSON *vs.* THE STATE.

[SCIRE FACIAS AGAINST BAIL.]

1. *Recognizance not part of record.*—In scire facias against bail, for the failure of the principal to appear in accordance with the condition of their bond, the

recognizance is no part of the record, unless made so by plea or bill of exceptions.

2. *Judgment final against bail.*—In such proceeding, it is not necessary that the final judgment should show that the sureties were called and made default.

APPEAL from the Circuit Court of Shelby.

The record does not show the name of the presiding judge.

IN this case, Alonzo Richardson, one of the appellants, was indicted for an assault and battery, and entered into recognizance, with Thomas L. Morrow and Thomas Harrison as his sureties, for his appearance at the next term of the circuit court, and from term to term thereafter until discharged by law, to answer said indictment. Having failed to appear at the March term, 1857, a judgment *nisi* was entered against him and his sureties; and a *scire facias*, issued thereon, was executed on all the parties. On the return of the *scire facias*, Richardson appeared, and showed cause against the confirmation of the forfeiture; but his showing being deemed insufficient, the court rendered final judgment against him and his sureties on the bond. The recognizance, as copied in the transcript, is conditioned in the penal sum of *two* dollars; while in the judgment *nisi*, the *scire facias*, and the judgment final, it is described as being conditioned in the sum of *two hundred* dollars. The appeal is sued out by all the defendants, and all join in the assignment of error.

S. LEIPER, for the appellants.

M. A. BALDWIN, Attorney-General, *contra.*

WALKER, J.—In a proceeding by *scire facias* against bail, for the failure of the accused defendant to appear, the recognizance of bail is not a part of the record, unless it has been so made by plea or bill of exceptions.—Chiles v. Beal, 3 Ala. 26; Robinson v. The State, 5 Ala. 706; Shreve & Knapp v. The State, 11 Ala. 676; Young v. Simral, 3 A. K. Mar. 176. It results, that we cannot look to the recognizance copied into the transcript, for the purpose of seeing that it is in a different sum from that

stated in the *scire facias*, and in the judgments *nisi* and final.

2. It was not necessary that the judgment final should show that the sureties were called and made default, nor is the judgment erroneous on account of its omission to show this.—Hinson v. The State, 4 Ala. 671.

The judgment of the court below is affirmed.