## CANTALINE *vs.* THE STATE.

[SCIRE FACIAS AGAINST BAIL ON FORFEITED RECOGNIZANCE.]

1. *Presumption in favor of judgment.*—Where the judgment final, in *scire facias* against bail, recites the issue and return of an *alias scire facias*, but the *alias* itself is not set out in the transcript, the appellate court will presume that the recitals are true, and that the *alias* has been lost.

2. *Issue and return of alias scire facias.*—Where the judgment final recites the issue of an *alias scire facias*, returnable to the term at which said judgment was rendered, which was the term next after that at which the original *scire facias* was returned, and its return not found, this is sufficient to support the judgment final, although the *alias* writ is not set out in the record, and the date of its issue is left blank in the judgment.

3. *Sufficiency of judgment in describing and identifying case.*—A judgment *nisi* in the form prescribed by the Code, (§ 3691,) to which is prefixed the name of the case, with a description of the offense charged, and which recites that the recognizance was conditioned for the principal defendant's appearance " to answer in this case," sufficiently describes and identifies the case.

4. *When recognizance forms no part of record.*—A recognizance, copied into the transcript by the clerk, but not made part of the record by exceptions or appropriate reference, cannot be looked to as a part of the record of the proceedings against bail on their forfeited undertaking.

APPEAL from the Circuit Court of Pike.
Tried before the Hon. S. D. HALE.

THIS was a proceeding by *scire facias* on a forfeited recognizance. The facts shown by the record are these: At the September term, 1855, of the circuit court of Pike county, on change of venue from Covington county, Henry Cantaline entered into a recognizance, with Jeremiah Cantaline and Lewis Carnley as his sureties, conditioned to "pay the State of Alabama $300, if the said Henry Cantaline fails to appear at the next term of said court, and from term to term thereafter until discharged by law, to answer an indictment against him for larceny." At the ensuing March term, 1856, on the defendant's failure to appear, a judgment *nisi* was rendered against him and his sureties. On this judgment a *scire facias* was issued on the 30th April, 1856, which was returned by the sheriff, on the 16th September following, "not found." At the September term, 1856, the only entry in the cause set out in the transcript is in these words, "Continued generally." At the March term, 1857, the following judgment was rendered:

"The State        On this 24th day of March, 1857,
     *vs.*       came M. A. Baldwin, attorney-
Henry Cantaline,   general; and the defendants, being
Jeremiah Cantaline, called, came not. And it appearing
Lewis Carnley.     that, at the spring term of this court,
1856, judgment *nisi* was rendered against the defendants, in favor of the State of Alabama, for the use of Pike county, for the sum of $300, because of the failure of the defendant Henry Cantaline to appear at said term to answer to an indictment then pending in said court against him, for the offense of grand larceny; the said Henry, as principal, and the said Lewis and Jeremiah, as his sureties, being legally bound for the appearance of said Henry at said term to answer said indictment, in the sum of $300;

and it further appearing to the court, that a writ of *scire facias* was regularly issued to the said defendants, on the 31st April, 1856, requiring them to appear at the next term of said court thereafter, to show cause why said judgment should not be made absolute, which was returned by the sheriff of said county 'not found;' and it appearing that an *alias* writ of *scire facias* was, in like manner, on the —— day of ——, 185-, issued to the said defendants, requiring them to appear at the present term of the court, to show cause why said judgment should not be made absolute, and was, in like manner, returned 'not found:' It is thereupon considered by the court, that the said judgment be made absolute, and that the State of Alabama, for the use of Pike county, recover of the defendants the said sum of $300, together with the costs in this behalf expended," &c.

The errors assigned are: "1st, taking final judgment on the bond, previous to the issue and return of two writs of *scire facias*; 2d, the failure of the record to describe and identify sufficiently the indictment upon which the judgment was entered up."

H. W. HILLIARD, for the appellants.

M. A. BALDWIN, Attorney-General, *contra*.

A. J. WALKER, C. J.—The assignments of error in this case are, the rendition of a final judgment "previous to the issuance and return of two writs of *scire facias*," and "the failure of the record to describe and identify sufficiently the indictment" which the accused was bound to appear and answer.

The judgment final recites the issue of a *scire facias* on the 30th April, 1856, and the return of "not found" upon it. It then proceeds to state, "that an *alias* writ of *scire facias* was, in like manner, on the —— day of ——, 185-, issued to the said defendants, requiring them to appear at the present term of the court, to show cause why said judgment" (the judgment *nisi*) "should not be made absolute; and was, in like manner, returned not found." The first named *scire facias*, issued in April,

29

1856, with the endorsement by the sheriff of 'not found' on the 16th April, 1856, is set out in the transcript. The second *scire facias* mentioned in the judgment final is not found in the transcript. It is contended that the *scire facias* itself, with the requisite return of 'not found,' is an indispensable part of the record, and that the judgment final cannot be maintained on error in its absence. If the recital of the judgment entry speaks the truth, there was a second *scire facias*, which was returned 'not found.' Are we to presume that there was no *scire facias* with the requisite return, because one is not found in the record, and that the recital of the judgment is false; or are we not rather to presume that the recital of the record is true, and that the *scire facias* has been lost? The principle which imputes absolute verity to records, and the decisions of this court upon kindred questions, compel us to decide, that we must presume the *scire facias* to have been issued and returned, as stated in the judgment entry, and that it has been lost.—Castleberry v. Pierce, 2 S. & P. 141; Wade v. Killough, 3 S. & P. 434; Lucas v. Hitchcock, 2 Ala. 357; Bancroft v. Stanton, 7 Ala. 351; Eastland v. Sparks, 22 Ala. 607; Phillips v. Kelly, 29 Ala. 628; Allen v. Harper, 26 Ala. 686; Kirkley v. Segar, 20 Ala. 226.

[2.] But it is argued, that, conceding to the recitals of the judgment entry that they are absolutely true, they fail to show the second issue of a *scire facias*, and its return 'not found.' The *scire facias* appears from the recital to have been an *alias*, and to have been returnable to the term at which the judgment final was rendered. The fact that it was an *alias* shows that it was the second *scire facias* issued in the case, (see Sellers & Cook v. Hayes, 17 Ala. 749;) and the fact that it was returnable at the term when the judgment final was rendered, shows that it was returnable at the term next after that to which the first *scire facias* was returned, for it appears that the first *scire facias* was returned at the term next preceding that at which the judgment final was rendered. We thus ascertain from the judgment entry, that there was a second *scire facias*, which was issued after the return of the first,

and to the next succeeding term. This being the case, it can make no difference that the blanks leave the date of the *scire facias* in obscurity. The statute does not require that the precise date should be shown. The second *scire facias* is shown by the record to have been returned, in like manner with the first, " not found."—Otey v. Moore, 17 Ala. 280.

[3.] The second assignment of error is not well taken. The judgment *nisi* is preceded by a description of a case against Henry Cantaline for grand larceny. It is stated in the judgment *nisi*, that the agreement of the accused and his sureties was for his appearance to answer "in this case for grand larceny." It is thus shown that there was a prosecution for grand larceny, and that the recognizance had reference to that prosecution. Aside from the clear designation and identification of the offense, the judgment *nisi* is in strict accordance with the form prescribed by the Code.—Code, § 3691. There is, therefore, an express statutory affirmance of the sufficiency of the judgment *nisi* in every particular.

[4.] There is a recognizance copied into the transcript, which, it is contended, is variant from that described in the judgment *nisi;* but it is settled that we cannot look to that as a part of the record in this case.—Richardson v. The State, 31 Ala. 347.

The judgment of the court below is affirmed.