# GRUND *vs.* THE STATE.

[SCIRE FACIAS AGAINST BAIL ON FORFEITED RECOGNIZANCE.]

1. *Sufficiency of sci. fa.*—In proceedings on a forfeited recognizance, it is not necessary that the notice, or *scire facias*, should be in exact or literal conformity with the form given in section 704 of the Penal Code ; and the fact that it is directed to " any sheriff of the State", commanding him to notify the defendants, instead of being directed to the defendants themselves, does not render it invalid or insufficient.

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. JAMES COBBS.

THE judgment *nisi*, the *scire facias*, and the judgment final, as set out in the record in this case, are in the following words :

" The State of Alabama *vs.* James Stephens, and John Grund. } It appearing to the satisfaction of the court, that James Stephens and John Grund agreed to pay the State of Alabama the sum of two hundred dollars, unless the said James Stephens appeared here at this term of the court, to answer to the State of Alabama the offense of assault and battery, whereof he stands indicted in said court ; and the said James Stephens, being solemnly called to come into court and answer as aforesaid, came not, but wholly made default : It is therefore ordered by the court, that the State of Alabama, for the use of Marengo county, recover of said defendants, James Stephens and John Grund, the said sum of two hundred dollars, for their default aforesaid, on such undertaking, unless they appear here at the next term of this court, and show cause why this judgment should not be made absolute against them."

"The State of Alabama, Marengo county. } To any sheriff of the State of Alabama, Greeting : Whereas, at a circuit court for the State of Alabama, begun and held for the county of Marengo, at the court-house in Lin-

den, on the third Monday in March, A. D. 1866, the following judgment was rendered against James Stephens", setting out the judgment *nisi*: "Therefore, you are hereby commanded to make known unto the said James Stephens and John Grund, to appear here at the next term of this court, and show cause, if they can, why the judgment aforesaid shall not be made absolute against them. Herein fail not ", &c.

"The State of Alabama ⎱ This day came Thos.
            *vs.*        ⎰ W. Coleman, solicitor
James Stephens and Jno. Grund. ⎰ for the State of Alabama, and also came John Grund, one of the defendants, by his attorneys; and it appearing to the satisfaction of the court that, at the spring term last, A. D. 1866, of this court, a judgment *nisi* was rendered against said defendants in this cause, for the sum of two hundred dollars; and it further appearing to the court that, since the rendition of said judgment *nisi*, at least two writs of *scire facias* have been duly issued, and returned by the sheriff of said county respectively, 'not found' as to James Stephens; and the said defendant John Grund, by his counsel, now here files his demurrer to the *scire facias*, which demurrer, being argued by the counsel for the plaintiff and defendant, and considered by the court, was overruled; and said defendant John Grund declining further to plead: It is therefore considered and ordered by the court, that the State of Alabama, for the use of Marengo county, recover of said defendants, James Stephens and John Grund, the said sum of two hundred dollars, amount of judgment *nisi* aforesaid, and also costs of suit."

The following were the causes of demurrer assigned by the defendant Grund : "1st, that the pretended *scire facias* is not such a notice as is required by law; 2d, that the notice of the conditional judgment is not such a notice as is required by law, because it does not appear that any indictment was in said court against said Stephens; 3d, that the said notice is not such as is by law required to be given to the defendant, because it is directed to any sheriff of the State, and not to the defendants; 4th, that no notice, in manner and form as by law required, has been given to the

Grund v. The State.

defendants; and, 5th, that the alleged *scire facias* is insufficient in law."

The appeal is sued out by the defendant Grund, who assigns as error the overruling of his demurrer to the *scire facias*, together with the judgments *nisi* and final.

McCAA & FOSTER, for appellant.
JOHN W. A. SANFORD, Attorney-General, *contra*.

BYRD, J.—Grund has alone assigned errors, and we will confine our investigation to the assignments made and argued by counsel. The judgments *nisi* and final, and the notice served upon appellant, are in substantial conformity to sections 703, 704, and 707 of the Code; and a substantial conformity thereto is all that is required by the Code. The counsel for appellant insist, that the word "may", in sections 703 and 704, must be construed as imperative. If so, still those sections are not to be construed as requiring an exact or literal conformity to the forms therein set forth. The mere address of the notice to the sheriff, instead of to the defendants, is not such a departure from the spirit and substance of the law as to vitiate the notice, or render it invalid, if it otherwise substantially fulfills the requirements of the law. The court properly overruled the demurrer of appellant, and we perceive no error in the record reached by the assignments made by him.

The case of *Emanuel v. Ketchum*, (21 Ala. 257,) is not in conflict with the views above expressed. The undertaking, or bail-bond, is sufficiently set out in the judgment *nisi*, to meet the requisitions of the Penal Code, and the rule laid down in the case of *Emanuel v. Ketchum ;* and the *sci. fa.* sets out a substantial copy of that judgment, and the judgment absolute follows the *sci. fa.* and section 707 of the Code.—*Richardson v. The State*, 31 Ala. 347 ; *Cantaline v. The State*, 33 Ala. 439.

Judgment affirmed.