## Hendon *et al. v.* The State.

### *Proceeding on Forfeited Recognizance.*

1. *Undertaking of bail; proceedings on forfeiture.* — When an undertaking of bail is forfeited, and a *sci. fa.* thereon is returned executed as to the sureties, but not found as to the principal; and a judgment final *is* thereupon rendered against the sureties, which is set aside on a subsequent day of the term; and neither said final judgment, nor the order setting it aside, is entered on the minutes by the clerk, — the refusal of the court, at a subsequent term, to require the clerk to enter these matters on the record is not a matter of which the sureties can complain, on appeal from a final judgment afterwards rendered against them.

2. *Same, not part of record.* — In *sci. fa.* against bail, on a forfeited recognizance, the undertaking of bail is no part of the record, unless made so by plea, or by bill of exceptions.

APPEAL from the Criminal Court of Dallas.

Tried before the Hon. GEO. H. CRAIG.

The following are the assignments of error in this case : —

" 1. The bail-bond was not executed according to law, and the judgment thereon is erroneous.

" 2. The bail-bond was not signed by the principal defendant, nor was it attested by witnesses, and the judgment thereon is error.

" 3. The judgment rendered on the 11th day of March, 1872, for *two* hundred and fifty dollars, was error, the bond being for only *one* hundred and fifty dollars.

" 4. The judgment which is set out on page ten of the transcript ought to have been spread on the minutes of the court ; and the refusal of the court to have it so entered on motion, as shown by the transcript, is error.

" 5. The orders for *sci. fa.* are void for uncertainty, and the bond is void, having been attested in the year 187 .

" 6. The record shows error in this : on page eight there is a judgment final, and on page ten the same was set aside, on the grounds stated in the motion for that purpose ; and the court erred in refusing to have said judgments entered of record."

[Blount v. State.]

Jasper N. Haney, for the appellants.

Ben. Gardner, Attorney General, *contra.*

B. F. SAFFOLD, J. — The appeal is from a final judgment on a forfeited undertaking of bail. There is no bill of exceptions. It seems that upon a return of a *sci. fa.* executed on the sureties, and " not found " as to the principal, the court rendered judgment final against those served. Afterwards, at the same term, this judgment was set aside; but the clerk omitted to enter up either the judgment final, or the order setting it aside. One of the errors assigned is the refusal of the court to require the clerk to enter the matters thus omitted. We cannot see how the appellants are prejudiced by such refusal or failure to complete the record.

The undertaking of bail is set out in the transcript, but it does not appear how it gets a place there. It is not a part of the record, unless made so by bill of exceptions or plea. *Richardson* v. *The State*, 31 Ala. 347. Nevertheless, it is not amiss to say that the omission of the words " a criminal prosecution for," the undertaking being otherwise in conformity with the form prescribed (R. C. § 4239), does not constitute a substantial variance. The names of those subscribing it are signed to it, because one is signed in writing by himself, and the other two by mark, with their names written near, and attested by one who wrote his own name as a witness. R. C. § 1.

The judgment is affirmed.